UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-12104-HDV-AS | Date | June 8, 2026 |
| Title | *Josh Webber v. The Dash Group LLC et al.* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION TO VACATE AND SET ASIDE ENTRY OF DEFAULT; AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT RE DEFENDANT THE DASH GROUP LLC [32, 34]**

## I. BACKGROUND

Before the Court are Plaintiff Josh Webber's ("Plaintiff") Motion for Default Judgment ("Motion for Default") [Dkt. 32], and Defendant The Dash Group LLC's ("TDG") Motion to Vacate and Set Aside Entry of Default ("Motion to Vacate") [Dkt. 34]. The Court heard oral argument on May 7, 2026 and took the matters under submission. [Dkt. 43]. For the reasons discussed below, the Court grants the Motion to Vacate and Set Aside Entry of Default,[1] and finds the Motion for Default Judgment moot as to Defendant TDG and premature as to Defendant Damon Dash ("Dash").

This case involves the making of a film in 2016 called "The List/Dear Frank" and concerns disputes over director credit and ownership of the film. Motion to Vacate at 3. Plaintiff seeks $10 Million in damages after a film company purportedly terminated its contract with him to produce and direct the film due to a defamatory statement allegedly made by Dash and published by TDG. Motion for Default at 4.

[1] The Motion to Vacate is only filed as to the corporate Defendant The Dash Group LLC.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Ninth Circuit has held that there are three factors to be considered when weighing whether or not there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984).

## III. DISCUSSION

### A. Motion to Vacate

Default was entered by the Clerk against TDG on February 15, 2026 [Dkt. 26], and against Dash on March 18, 2026 [Dkt. 31], under Federal Rule of Civil Procedure 55(a). TDG filed its Motion to Vacate on April 6, 2026, less than two months after default was entered.

Here, TDG has not engaged in culpable conduct. TDG's principal and sole member, Raquel Horn, attempted to appear *pro se* on behalf of TDG and sought an extension to file a responsive pleading in order to find an attorney. Motion to Vacate at 3, 6 (citing Dkts. 19, 21); Declaration of Raquel Horn ("Horn Decl." ¶ 6). The Court denied Ms. Horn's request to appear *pro se* on behalf of TDG because she is not a lawyer and thus unable to represent a corporation, but her attempts to appear on behalf of the corporation demonstrate a good faith effort to defend the action. [Dkt. 24].

Next, TDG has alleged a facially meritorious defense. All of the purportedly defamatory statements were made by Dash, and occurred prior to the existence of TDG. Motion to Vacate at 6. Further, the avenue for liability by TDG for any statements made by Dash is by establishing vicarious liability through the doctrine of respondeat superior. *Id.* However, according to TDG, Plaintiff does not allege any connection between the defamatory conduct and the activities or business interests of TDG. *Id.* Notably, TDG contends this issue was previously litigated between the same parties in 2020 where TDG was dismissed from the case at summary judgment. *Id.* at 4, 8; Horn Decl. ¶ 4. Moreover, TDG avers that Dash is not an employee or owner of TDG, and his role is limited to an advisory capacity to leverage his celebrity to facilitate opportunities, such as branding. *Id.* at 7. As such, TDG asserts that any defamatory statements by Dash "would directly contravene the nature of Dash's role with TDG which is to foster good will [sic] and opportunities in the entertainment industry." *Id.* at 7–8. Thus, for purposes of this motion, the Court concludes that TDG sufficiently provides a meritorious defense for the alleged defamatory statements made by Dash.

Lastly, there is no real prejudice to Plaintiff. The Motion to Vacate was filed on April 6, 2026, less than two months after the entry of default on February 15, 2026.

For these reasons, the Court finds good cause to set aside the entry of default. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) ("Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.").

### B. Motion for Default Judgment

Plaintiff moves for Default Judgment against both Defendants. Federal Rule of Civil Procedure Rule 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). *See* Fed. R. Civ. P. 55(b)(2).

Because the Court sets aside the entry of default as to TDG, the Motion for Default Judgment against TDG is moot. As to Defendant Dash, the Court will reserve granting default judgment until the completion of the case against TDG. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("It has long been established that, where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment fatal to the interests of other parties.").

## IV. CONCLUSION

The Court therefore grants the Motion to Vacate and Set Aside Entry of Default as to TDG. The Motion for Default Judgment is moot as to Defendant TDG and premature as to Defendant Dash.

**IT IS SO ORDERED.**